# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 15-41148
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEWIS BREWSTER, also known as Guicho,

Defendant-Appellant

Consolidated w/ No. 15-41188

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEWIS BREWSTER,

Defendant-Appellant

————————————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-354-7
USDC No. 7:09-CR-1702-1

————————————

No. 15-41148
c/w No. 15-41188

Before JOLLY, WIENER, and COSTA, Circuit Judges.

PER CURIAM:[*]

Lewis Brewster pleaded guilty to conspiring to transport aliens within the United States and was sentenced to serve 27 months in prison. That immigration offense also resulted in the revocation of his supervised release on an earlier federal drug conviction. The court sentenced Brewster to the same 27 month sentence for the supervised release violation and ordered the sentences to run concurrently.

In these consolidated appeals,[1] Brewster challenges the district court's finding that his new offense involved between 25 and 99 aliens, which resulted in a six-point enhancement to his offense level under U.S.S.G. § 2L1.1(b)(2)(B). He maintains that he was responsible for only 15 aliens and argues that the district court erred by relying on wire intercepts in determining the number of aliens.

The calculation of the number of illegal aliens involved in an offense is a finding of fact that we review for clear error. *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010). A factual finding that is plausible in light of the record as a whole is not clearly erroneous and will be upheld. *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013).

Our review of the record shows that the district court's finding concerning the number of aliens involved with Brewster's offense is plausible

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Brewster filed a notice of appeal from the revocation proceeding and the appeals were consolidated. In his brief, however, he does not raise any argument challenging the revocation order or resulting sentence. Although the 27-month revocation sentences was the same as the sentence for the new offense, the Guideline for the revocation did not include an enhancement for the number of aliens smuggled.

No. 15-41148
c/w No. 15-41188

and thus not clearly erroneous. *See Alaniz*, 726 F.3d at 618. The PSR's recitation of facts, which was not rebutted by Brewster and which was adopted by the district court, supports the disputed finding and shows that it is plausible that the offense involved more than 25 aliens. *See Alaniz*, 726 F.3d at 618. Brewster has not shown clear error in connection with the district court's finding concerning the number of aliens involved with his offense.

Insofar as Brewster argues that the district court erred by relying on facts outside of the presentence report when determining the number of aliens, this claim is reviewed for plain error only due to his failure to present it to the district court. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *Puckett v. United States*, 556 U.S. 129, 135 (2009). The disputed wiretap evidence was a foundation for the facts given in the presentence report, and Brewster has not shown plain error in connection with this argument.

AFFIRMED.